IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. THOMAS BOUKNIGHT, JD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-1057 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Dr. Thomas Bouknight filed a *qui tam* suit against his former employer, the Houston Independent School District ("HISD"). Bouknight alleges that HISD improperly used funds from the federal "No Child Left Behind" ("NCLB") program to pay the salary of Nathaniel Jones, a teacher at Jones High School, while representing to the federal government that Jones was teaching at a different school. Bouknight also alleges that HISD submitted false attendance records for a student, A.H., for days when the student was absent from school, in order to receive "Average Daily Attendance" ("ADA") funds. Bouknight alleges that HISD was claiming as much as $7.5 million in NCLB funds and $1 million in ADA funds. Bouknight also asserts that he was fired in retaliation for his refusal to falsify records. He alleges claims under the False Claim Act ("FCA"), 31 U.S.C. §§ 3730(b).

After discovery, HISD moved for summary judgment. (Docket Entry No. 18). Bouknight has responded. (Docket Entry No. 19). Based on the motion and response, the pleadings, the record, and the applicable law, this court grants HISD's summary judgment motion and, by separate order, enters final judgment. The reasons are explained below.

**I.      The Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln General Ins. Co. v. Reyna*, 401 F.3d (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 330. The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 535 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the

nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004). This burden is not satisfied by "some metaphysical doubt as to the material facts," "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Young v. ExxonMobil Corp.*, 155 Fed. Appx. 798, 800 (5th Cir. 2005).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255; *Young*, 155 Fed. Appx. at 800. "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Beard v. Banks*, 126 S.Ct. 2572, 2578 (2006) (quoting *Celotex*, 477 U.S. at 322).

## II.     Background

Bouknight was a principal at the Ryan Middle School of HISD from 2001 to 2003, when he was reassigned to an assistant principal position at a different school and, several months later, fired. He filed two administrative appeals of his termination with the Texas

Education Agency and one state-court defamation lawsuit. In this suit, Bouknight raises three claims: HISD was paying a teacher out of one school's budget while the teacher was working at another school; HISD was reporting a student as present when he was absent; and Bouknight was fired in retaliation for protesting or reporting these violations.

## III.   The Claim Relating to Paying a Teacher

Bouknight alleges that Nathaniel Jones, a teacher at Jones High School, was paid out of the budget of Ryan Middle School, where Bouknight served as principal. Bouknight asserts that this was an improper use of NCLB funds. Bouknight relies on the statutory language that "[a] local educational agency shall use funds received under this part only in eligible school attendance areas." 20 U.S.C. § 6313(a). "Eligible school attendance area" is defined as "a school attendance area in which the percentage of children from low-income families is at least as high as the percentage of children from low-income families served by the local educational agency as a whole." *Id.* at 6313(a)(2)(B). Bouknight alleges that by assigning Jones to one school and paying him out the budget of another school in 2001–2002, HISD improperly claimed $75,000. He also alleges that HISD made other false claims that year in the amount of $750,000 or "probably" $7.5 million and improperly claimed another $298,000 in 2002-2003. In its summary judgment motion, HISD points out that in answers to interrogatories and in responses to requests for documents, Bouknight provided no support for his allegation about Nathaniel Jones or about HISD's other false claims to the federal government.

4

The only specific basis Bouknight identifies for the claim that HISD made false claims to federal NCLB funds is that Jones was paid out of the budget for Ryan Middle School while he was working at Jones High School. Bouknight argues that by identifying a single teacher who was paid in violation of NCLB by working at one school while being paid out of the budget of another school, that is enough to preclude summary judgment. (Docket Entry No. 19 at 3). Bouknight argues that the issue on summary judgment is the existence of the violation, not the amount, which only goes to the "size of recovery." (*Id*.).

HISD submits records showing that the arrangement involving Jones was the result of a request made by a team at Ryan Middle School, where Bouknight was then principal. HISD points out that Bouknight served on the team that requested that Jones teach at another school even if he continued to be paid out of the Ryan Middle School budget. HISD also submits records showing that Jones was paid out of State Compensatory Education ("SCE") funds, which are state – not federal – funds. The use of state funds cannot create an FCA issue.

HISD also argues that even if Jones had been paid out of federal funds, Bouknight has not alleged or presented evidence raising a fact issue as to whether HISD made false or fraudulent claims under the FCA. HISD points to case law establishing that evidence showing that evidence of false claims made to the federal government to secure funds is essential to an FCA claim, *see United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005), and that there is no such evidence in the summary judgment record.

In response, Bouknight argues that his pleadings are adequate because he has identified a teacher – Jones – who was working at one school but paid out of the budget of a different school. Bouknight does not, however, address any of the arguments that HISD raises about the deficiencies in his FCA claim. Bouknight does not controvert the evidence that the money at issue was state, not federal. Nor does Bouknight provide any response to the argument that the statutory section on which he relies does not address the payment problem he raises. Instead, Bouknight simply states that pages 328 to 345 of his discovery production support the allegation that HISD improperly used NCLB funds and made false claims about the source of a teacher's salary.

Some of these documents do concern Jones. But the documents Bouknight cites refer to the funds at issue as "State Comp. Ed." funds, which is consistent with HISD's argument that these are state, not federal, funds. The documents Bouknight cites do not include claims for federal funds. The documents include verification of compliance forms that HISD completed under § 1119(A). Evidence showing that HISD submitted verification of compliance forms under § 1119(i) does not show false claims. These verifications address qualifications for teachers and professionals, not the source of funds for a particular teacher's salary. 20 U.S.C. § 6319(i)(1).

Bouknight has not raised a genuine issue of material fact as to an FCA violation based on an HISD teacher working at one school but being paid out of the budget of another school. On summary judgment, once the movant has pointed to the absence of evidence in the record to create a fact issue, the nonmovant cannot simply rely on his pleadings, but must identify

or submit summary judgment evidence that will raise a fact issue. *Johnson*, 379 F.3d at 305. Bouknight has failed to do so. HISD's summary judgment motion as to this claim is granted.

## IV.     The Claim Relating to Student Attendance Reports

Bouknight also claimed that HISD was falsifying state student attendance records to improperly claim federal funds. In his pleadings, he alleged that it was a common practice at HISD, which cost the federal government at least $750,000 in false billing and probably $7.5 million. (Docket Entry No. 1, ¶ 5). In response to discovery requests, Bouknight identified a single student, A.H., whose attendance was allegedly improperly reported. In response to HISD's summary judgment motion, Bouknight argues that "if only one student was improperly recorded to falsify dropout rates and Plaintiff reported this and was terminated such termination was retaliatory and unlawful." (Docket Entry No. 19 at 4). Bouknight argues that "[u]nder-reporting dropouts can only result in the claiming of funds – federal and state – for those students." (*Id.*).

HISD's motion for summary judgment points out that the evidence as to A.H., the student Bouknight identifies as having his attendance falsely reported, does not support the allegation. The records show that A.H. had a large number of unexcused absences from the disciplinary school to which he was assigned. The records do not show that HISD claimed federal funds for A.H.'s attendance on days he was in fact absent. In his response to HISD's summary judgment motion, Bouknight simply cites the same pages of his discovery responses. These documents do not, as HISD points out, show that federal funds were claimed for A.H. for days he was not at school. (Docket Entry No. 18, Ex. H at 386–92).

## V.     The Retaliation Claim

Bouknight also claims that he was fired in retaliation for refusing to falsify records. In his response to HISD's summary judgment motion, he claims that he was fired in retaliation for "coming forward to tell the truth about HISD mismanagement and inappropriate use of NCLB funds and the cover-up of such activity." (Docket Entry No. 19, p. 4). The FCA allows an employee who has been fired "because of lawful acts done by the employee on behalf of the employee . . . in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section," to "all relief necessary to make the employee whole." 31 U.S.C. § 3730(h). The elements of a retaliation under the FCA are that the employee was engaging in conduct protected under the act, the employer must have known that the employee was engaging in such conduct, and the employer must have discharged or otherwise discriminated against the employee because of his protected conduct. *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1269 (9th Cir. 1996). A plaintiff must do more than investigate or complain about an employer's improper conduct; a plaintiff must have specifically investigated or complained about the employer making false claims for federal funds, and the employer must show that the employer knew of the investigation or complaint. In the present case, the record does not show that Bouknight was investigating or complaining about HISD making fraudulent claims to the federal government for the salary of Nathaniel Jones or for ADA funds for a student, A.H. Rather, the documents Bouknight cites shows that he complained about Jones being on Ryan Middle School's budget while teaching at a different school

because of the impact on Ryan's state funds. The documents also show that Bouknight complained about test scores for A.H., not the misuse of federal funds based on inflated attendance records. HISD's summary judgment motion also points to evidence showing that neither before or after he was reassigned, or fired, or in the grievance process, did Bouknight complain about fraudulent claims to federal funds. Bouknight's response fails to acknowledge, much less controvert, this evidence.

HISD's motion for summary judgment on the retaliation claim is granted.

## VI.  Conclusion

HISD's motion for summary judgment is granted. Final judgment is entered by separate order.

SIGNED on January 8, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge